UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF JWN ) | |
| CONSULTING, LLC AND ) | Case No. 3:17-cv-120-DJH |
| JEFFERSON NEAL FOR ) | |
| EXONERATION FROM, OR ) | |
| LIMITATION OF, LIABILITY. ) | |

## COMPLAINT

COME NOW, JWN Consulting, LLC and Jefferson Neal (hereinafter "Petitioners"), as owner and owner *pro hac vice* of the motor vessel ELLA J, Hull Identification Number SERT4228D212 (hereinafter "ELLA J"), and for their Complaint for exoneration from, or limitation of, liability, state:

1. This action arises under the laws of the United States providing for limitation of vessel owners' liability (46 U.S.C. §§ 30501-30512) and the various statutes, rules, and regulations relating thereto, including Supplemental Rule F of the Federal Rules of Civil Procedure. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

2. At all times hereinafter mentioned, JWN Consulting, LLC, was a Kentucky limited liability company, and registered owner of the ELLA J.

3. At all times hereinafter mentioned, Jefferson Neal, was a resident of Louisville, Kentucky, and was or is alleged to be owner *pro hac vice* of the ELLA J.

4. At all material times, the ELLA J was and is a 33 foot fiberglass hulled, twin-engine, gasoline-powered, 350 HP Sea Ray Sundancer of about 15 gross tons, and 12 net tons, built in 2012. The ELLA J had no pending freight at any time hereinafter mentioned.

5. Prior to and at the time of the casualty hereinafter mentioned, Petitioners used due diligence to make the ELLA J seaworthy.

6. At or about 9:00 p.m. on August 27, 2016, the ELLA J was on waters of the United States, located on Lake Cumberland in Russell County, Kentucky.

7. At the above time and place, a passenger aboard the ELLA J, Neil Burnett, jumped or fell from the stern of ELLA J while the engines were in reverse and was struck by the propellers, killing him instantly. At the time of the accident, Jefferson Neal was operating the ELLA J.

8. The said accident, damages, injuries, or death referred to above were occasioned and occurred without fault on the part of Petitioners and without the privity or knowledge of Petitioners.

9. The ELLA J was not damaged as a result of the accident, and the estimated value of the ELLA J subsequent to the casualty referred to herein is $169,000. The ELLA J is currently located at a Sea Ray dealership in Louisville, Kentucky, within the jurisdiction of this Court. To Petitioners' knowledge, no liens against the ELLA J exist paramount to any liens which may have accrued by reason of the casualty referred to herein.

10. The estate of Gary Burnett and others have asserted claims against Petitioners. To Petitioners' knowledge, no suits have been commenced against them as a result of this casualty.

11. The potential claims against Petitioners' likely exceed the value of their interest in the ELLA J, and Petitioners fear that other claims may be asserted against them.

12. This Complaint is filed less than six months after receipt of the first written notice of claim subject to limitation after the casualty referred to herein.

13. Petitioners claim exoneration from liability for the death, losses, damages, injuries, or expenses that may have been occasioned or incurred by reason of the casualty referred to herein and for any and all claims therefore, and Petitioners allege that they have valid defenses thereto based on the facts and the law. Petitioners further claim, in the alternative, the benefit of limitation of liability provided in Title 46 U.S.C. §30505, et seq., providing for limitation of vessel owners' liability and the various statutes, rules, and regulations supplemental thereto and amendatory thereof. To that end, Petitioners are ready and willing to proceed according to law and pursuant to the rules and practices of this Court.

14. All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and this Court.

WHEREFORE, Petitioners request that:

A. This Court shall cause due appraisement to be made of the amount of the value of Petitioners' interest in the ELLA J;

B. This Court approve an *ad interim* stipulation and security filed by Petitioners reflecting their interest in the value of the ELLA J after the casualty herein, together with interest and costs;

C. This Court order the issuance of a notice to all persons claiming damage for any and all loss, damage, death, injuries, or expenses, caused by, or resulting from, the aforesaid casualty, requiring them and each of them to appear and answer the allegations of this Complaint at or before a time certain to be fixed by said notice.

D. This Court order that, on giving of such a stipulation as may be determined to be proper, or of an *ad interim* stipulation as offered by Petitioners, an

      injunction shall issue restraining the institution and/or prosecution of any and all actions, suits, and legal proceedings of any nature or description, in any jurisdiction, except in the present proceedings, against Petitioners, or any of their property, including the ELLA J, to recover damages caused by or resulting from said accident or casualty or in respect of any claim or claims arising out of or resulting from said accident or casualty.

E. This Court adjudge that:

1. Petitioners and the ELLA J are not liable to any extent for any loss, damage, death, injury, or expense, nor for any claim whatsoever in any way arising out of or in consequence of the aforesaid death and related casualty above described;

2. If Petitioners shall be adjudged liable to any extent in the premises, then such liability be limited to the amount and value of their interest in the ELLA J, as such value may be determined by the appraisement of such interest as hereinbefore requested, that the money paid or secured to be paid into the Court as aforesaid be divided *pro rata* among the Claimants in proportion to the amount of their respective claims duly approved and confirmed, saving to all parties any priority to which they may be legally entitled, and that a decree may be entered discharging Petitioners and the ELLA J from all further liability and forever enjoining the prosecution of any claims against Petitioners, or the ELLA J, with reference to the matters and happenings recited in the above and foregoing Complaint.

3. Petitioners have such other and further relief as the Court deems just and proper.

                                    Respectfully submitted,

*/s/ Ashley Smith Lant*
LANDRUM & SHOUSE, LLP
Ashley Smith Lant
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Phone: (502) 589-7616
Fax: (502) 589-2119
alant@landrumshouse.com

                    AND

TONKIN & MONDL, L.C.
James K. Mondl
John P. Fleming
701 Market Street, Suite 260
St. Louis, MO 63101
Phone: (314) 231-2794
Fax: (314) 231-1481
jmondl@tonkinmondl.com
jfleming@tonkinmondl.com
**ATTORNEYS FOR PETITIONERS JWN CONSULTING, LLC AND JEFFERSON NEAL**

988102